888

cifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit."); *Boyd,* 752 F.2d at 413–14 (the same requirement applies to RA claims); *see also Vinieratos,* 939 F.2d at 768 (a federal employee who is a union member and alleges employment discrimination must elect to pursue his claim under either a statutory procedure or a negotiated grievance procedure, but "he cannot pursue both avenues, and his election is irrevocable").

Because Miller failed to exhaust, we do not consider Miller's arguments regarding the merits of his claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

Miller's requests, set forth in his opening brief, are denied.

**AFFIRMED.**

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Oshay Johnson, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he has been denied treatment for antisocial personality disorder ("ASPD") and that his ASPD diagnosis should not be used as a basis to deny him parole. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Hamilton v. Brown,* 630 F.3d 889, 892–893 (9th Cir.2011), and we affirm.

**Oshay JOHNSON, Plaintiff–Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., Defendants–Appellees.**

No. 14–16712.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2015.*

Filed Sept. 2, 2015.

Oshay Johnson, pro se.

The district court properly dismissed Johnson's Eighth Amendment claim regarding treatment for ASPD because Johnson failed to allege facts sufficient to show that defendants were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health").

The district court properly dismissed Johnson's claim regarding the right to treatment in order to obtain parole and his claim regarding the future use of a 2009 psychological evaluation because Johnson failed to allege facts sufficient to state

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cognizable claims. *See Swarthout v. Cooke*, 562 U.S. 216, 219, 222, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam) (setting forth the elements of a procedural due process claim and explaining that with regard to California's parole scheme, "the only federal right at issue is procedural"); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir.1985) (prisoners have no constitutional right to rehabilitation).

To the extent that Johnson makes arguments regarding an equal protection claim, we do not consider them because Johnson failed to raise such a claim in his operative second amended complaint. *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 (9th Cir.2008).

We do not consider Johnson's contentions regarding statements made in the findings and recommendations, filed on December 20, 2013, because the order has been vacated.

**AFFIRMED.**

**Rene MANDRUGANO–TOLENTINO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–71291.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2015.*

Filed Sept. 3, 2015.

Rene Mandrugano–Tolentino, Irvine, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gerald Alexander, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Rene Mandrugano–Tolentino, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Lopez–Vasquez v. Holder*, 706 F.3d 1072, 1078 (9th Cir.2013). We deny in part and dismiss in part the petition for review.

The BIA did not err in determining that Mandrugano–Tolentino failed to demonstrate his eligibility for any form of relief, including cancellation of removal under 8 U.S.C. § 1229b or adjustment of status under 8 U.S.C. § 1255(a). *See* 8 C.F.R. § 1240.8(d) (alien bears the burden of establishing eligibility for relief from removal).

Accordingly, Mandrugano–Tolentino has not established prejudice from the IJ pretermitting relief before he filed an application for cancellation of removal. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000)

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.